CHRISTIAN F. A. DAMBMANN, Appellant, *v.* HERMAN SCHULTING, Respondent.

(Argued April 25, 1881 ; decided May 10, 1881.)

THIS action was brought to set aside a release under seal of an indebtedness for money loaned on the ground of fraud and mistake, and to recover a balance alleged to be due thereon. It is reported upon a former appeal in 75 N. Y. 55. The trial

court found that the release was executed without any mistake on the part of plaintiff, and without any misrepresentation or concealment of material facts on the part of defendant. The court here say :

"If this finding is not inconsistent with the finding of certain specific facts which followed it, and is supported by any evidence, it is conclusive upon this appeal. We must take it as true, whatever our own impressions may be, and if true, it is decisive, since it leaves the release to stand as a complete and final bar. No representations of any kind were made in October, when that instrument was executed. Those relied upon were made on the previous 12th of August. The plaintiff, therefore, could only succeed, if at all, by establishing that such representations were at their date false and fraudulent, or upon the ground that at the later period of the execution of the release there was a fraudulent concealment of material facts. The last proposition need not detain us long. We held in this case upon a previous appeal, and upon a state of facts, so far as this question is concerned, which remains unchanged, that the defendant owed no duty of disclosure. Our ruling in that respect has been criticized with an ability which has led to serious reflection, but has not changed our conclusion. It would be doubtful, and we should be inclined to modify it, but for one controlling and peculiar fact. The creditors had already agreed to leave the question of payment to the conscience of the debtor, both as to time and amount. While this agreement was not legally binding, its existence affected the duty of disclosure. The silence was not fraudulent when both parties understood that explanations were immaterial, in view of the existing understanding that the debtor alone was to determine, guided solely by his own knowledge and conscience, when and how much he should pay. Although he could be legally adjudged to pay the entire indebtedness, he was at liberty to believe that no such emergency awaited him, and that, therefore, he was under no obligation to volunteer an explanation or justification of the partial payment he was about to make. It was for this reason that the creditor did not inquire, and the debtor did not feel bound to speak. And it is

for this reason and upon this ground that we held, and are still of opinion, that the duty of disclosure as a legal duty, upon which an action could be founded, did not arise."

The court after a review of the testimony conclude that it was sufficient to justify the finding and was not inconsistent with the other findings referred to; and that, therefore, the release was valid and a complete and final discharge.

*George F. Comstock* for appellant.

*C. Bainbridge Smith* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.